IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD ST. AUBIN,            )
                             )
              Plaintiff,     )
                             )   Civil Action No.: 09 C 1874
     v.                      )
                             )   Suzanne B. Conlon, Judge
UNILEVER HPC NA,             )
                             )
              Defendant.     )
                             )
                             )
                             )

## MEMORANDUM OPINION AND ORDER

Donald St. Aubin sues his former employer Unilever HPC NA ("Unilever") under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (Count I), and petitions under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to vacate an arbitration award upholding his discharge (Count II). St. Aubin claims Unilever investigated his computer usage and fired him for asserting FMLA rights. Unilever moves to dismiss the complaint and enforce the arbitration award. For the reasons set forth below, the motion is granted in part.

## BACKGROUND

The following facts are derived from the complaint and attached arbitration hearing transcript and award. Unilever manufactures soap. St. Aubin was a production machine adjuster in its Hammond, Indiana plant. He was a member of Local 7-0336 of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Alleged Industrial and Service Workers, International Union, AFL-CIO, CLC. Unilever and the union were parties to a collective bargaining agreement ("CBA").

On August 7, 2007, St. Aubin was issued a warning for attendance violations. Compl. ¶ 6. He complained to the plant manager that he was absent for reasons covered by the FMLA. *Id.* ¶¶ 6-7. Unilever subsequently investigated St. Aubin's internet usage, and fired him for viewing pornography in violation of its electronic communications policy. *Id.* ¶¶ 8-9. St. Aubin grieved his discharge; he claimed Unilever fired him without just cause in violation of the CBA. *Id.* ¶ 2 and Ex. B. Following a hearing, the arbitrator found Unilever had just cause under the CBA to terminate St. Aubin and denied his grievance. *Id.* ¶ 4 and Ex. B.

## DISCUSSION

### I. Legal Standards

Unilever does not specify the procedural basis for its motion to dismiss Count I for FMLA retaliation, and the parties do not address the issue. It argues Count I is barred by claim preclusion (or *res judicata*). This is not one of the affirmative defenses that Fed. R. Civ. P. 12(b) permits to be raised by motion rather than in the answer to the complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). But when a defense is disclosed in the complaint, it provides a proper basis to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *Muhammad*, 547 F.3d at 878. Unilever's motion to dismiss Count I for FMLA retaliation is construed as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In resolving a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of each claim. *Twombly*, 550 U.S. at 555; *Tamayo*, 526 F.3d at 1081; Fed. R.

Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555-56. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.*

Unilever moves to dismiss the petition to vacate the arbitration award (Count II), and enforce the arbitration award, because the petition is barred by the statute of limitations, and there is no substantive basis to vacate the award. Under the FAA, the court may consider all materials the parties submit in support of vacating or confirming an arbitration award. 9 U.S.C. § 6; *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570-71 (7th Cir. 2007). To support its motion to dismiss the petition to vacate the arbitration award (Count I) and enforce the arbitration award, Unilever relies on an affidavit regarding the date the arbitration award was mailed, in addition to the complaint and its attachments. The affidavit is properly considered in resolving Unilever's motion.

## II. Claim Preclusion

Unilever argues Count I for FMLA retaliation is barred by claim preclusion because the arbitrator upheld St. Aubin's discharge and rejected his claim that he was investigated and discharged for asserting his FMLA rights. Claim preclusion applies when there is a judgment on the merits in an earlier action, an identity of the parties or their privies in the two actions; and an identity of the cause of action between both suits. *Brzostowski v. Laidlaw Waste Sys, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995).

St. Aubin disputes an identity of the cause of action between the arbitration and FMLA retaliation suit. A claim has identity with a previously litigated matter if it involves the same core of operative facts. *Id.* In *Brzostowski*, for instance, Brzostowski sued Laidlaw for

3

discharging him in breach of his employment contract; the case was dismissed. He later challenged the same discharge in a lawsuit against Laidlaw for age discrimination. Dismissal of the age discrimination suit on claim preclusion grounds was affirmed because the central factual issues in the two lawsuits were identical – Laidlaw's employment actions and Brzostowski's termination. Resolution of both claims hinged on whether Laidlaw complied with its legal obligations, contractual or statutory, when it fired Brzostowski. *Id.* at 338-39.

The arbitration involved St. Aubin's claim that Unilever violated the CBA by firing him without just cause. He argued, *inter alia*, the investigation of his computer usage was not warranted and a subterfuge to hide the real reason for his termination – the exercise of FMLA rights. Compl., Ex. B: Arbitration Award at 20, 22. The arbitrator rejected the argument, and held Unilever properly initiated the investigation and dismissed St. Aubin for just cause. *Id.* at 22-26. This is the same allegation St. Aubin raises in Count I for FMLA retaliation. Claim preclusion seemingly bars the action.

But St. Aubin argues claim preclusion does not apply because an arbitration decision cannot preclude an employment discrimination lawsuit, citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974). In *Gardner-Denver*, Alexander grieved his discharge under the CBA. He argued Gardner-Denver lacked just cause under the CBA to terminate him, and that his discharge violated the CBA's anti-discrimination provision. The CBA required arbitration of any disputes regarding the meaning and application of the CBA and "'any trouble arising in the plant.'" The arbitrator found just cause for Alexander's termination; it did not address the race discrimination charge. Alexander filed a Title VII race discrimination lawsuit in federal district court. Title VII

4

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Gardner-Denver argued the arbitral award precluded the Title VII lawsuit. *Gardner-Denver*, 415 U.S. at 39-43.

The Supreme Court reversed summary judgment in favor of Gardner-Denver, and held the arbitration decision was not preclusive. An arbitrator's resolution of a contractual claim is not dispositive of a Title VII statutory claim. *Id.* at 54-55. Title VII's strictures are absolute; an employee may not prospectively waive his Title VII rights in a CBA or by resorting to an arbitral forum. *Id.* at 51-52. An arbitrator does not have authority or experience to invoke public laws in resolution of a contract dispute. Congress intended the courts, not arbitrators, to exercise final responsibility for enforcing Title VII. And arbitral procedures are inferior because arbitrators effectuate the parties' intent, not legislative requirements. *Id.* at 56-58.

The Supreme Court recently abrogated the skepticism of arbitration espoused in *Gardner-Denver* and its progeny. *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009). In *Pyett*, the employees grieved their reassignment under the CBA, and requested arbitration when the grievances were denied. While the arbitration was proceeding, the employees filed an age discrimination lawsuit in federal district court under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The employers filed a motion to compel arbitration because the CBA required arbitration of ADEA claims. *Pyett*, 129 S. Ct. at 1461-63.

The Court reversed the denial of the motion to compel arbitration. The CBA explicitly required union members to arbitrate all employment discrimination claims: "'There shall be no discrimination against any present or future employee by reason of . . . age . . . , or any other characteristic protected by law, including, but not limited to, claims made pursuant to . . . the Age Discrimination in Employment Act . . . . All such claims [including ADEA] shall be subject to

5

the grievance and arbitration procedures (Articles V and VI) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.'" *Id.* at 1461. This "clear and unmistakabl[e]" requirement to arbitrate ADEA claims was enforceable. *Id.* at 1474. The Court retracted the policy statements underlying the *Gardner-Denver* holding, and limited *Gardner-Denver* to its facts – the arbitration was not preclusive because Alexander did not agree to arbitrate his Title VII claim. *Id.* at 1469-73.

St. Aubin does not attach the CBA to his complaint; Unilever attaches it as an exhibit to its motion to dismiss. The CBA may be considered in resolving the Rule 12(b)(6) motion to dismiss because it is central to St. Aubin's allegation that the arbitrator exceeded his authority in finding just cause for dismissal, and St. Aubin does not contest its authenticity. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (collecting cases applying "liberal" approach that matters outside complaint may be considered in resolving a Rule 12(b)(6) motion if the documents are authentic and central to the plaintiff's claim).

The CBA provides a grievance and arbitration procedure. Def. Mtn., Ex. 2: CBA, article XI. It states: "Grievances within the meaning of the grievance procedure and of this arbitration clause shall consist only of disputes about the interpretation or application of particular clauses of this Agreement and about alleged violations of the Agreement. The arbitrator shall have no power to add to, or subtract from, or modify any of the terms of this Agreement . . . ." *Id.*, section 11.10. The CBA's preamble states the parties agree to comply with all employment laws, including the FMLA. *Id.*, preamble.

This is not the "clear and unmistakable" requirement to arbitrate employment discrimination claims described in *Pyett*. The arbitration and anti-discrimination clauses are

6

distinct. The anti-discrimination clause is part of the CBA's preamble; it does not refer to arbitration. The CBA requires arbitration "only" of disputes about the interpretation or application of the CBA's provisions and violations of the CBA. The arbitration clause does not refer to the anti-discrimination provision. Unilever does not meet its burden of establishing the arbitration award precludes Count I for FMLA retaliation.

Unilever nevertheless argues St. Aubin's voluntary submission of the facts underlying the FMLA retaliation claim to the arbitrator and his introduction of supporting evidence at the arbitration hearing evidence his agreement to arbitrate the statutory claim, citing Compl., Ex. A: Arb. Hrg. Tr. at 236-40. The hearing transcript refers to materials not attached to or mentioned in the complaint. The argument is not a proper basis for a Rule 12(b)(6) motion.

The grievance in *Gardner-Denver* included a claim that Alexander was discharged because of his race in violation of the CBA's anti-discrimination provision. 415 U.S. at 42. Yet *Pyett* distinguished *Gardner-Denver* because Alexander *did not agree* to arbitrate his Title VII claim. *Pyett*, 129 S.Ct. at 1468-69. Unilever does not address *Pyett's* impact on the viability of its argument that St. Aubin arbitration submissions constitute agreement to arbitrate the FMLA retaliation claim. Assuming the truth of St. Aubin's allegations and drawing all reasonable inferences in his favor, Unilever fails to establish claim preclusion bars Count I for FMLA retaliation.

## III. Statute of Limitations

Unilever argues Count II to vacate the arbitration award should be denied because it is barred by the statute of limitations. St. Aubin petitions to vacate the arbitration award under § 10 of the FAA. Compl. ¶ 1. A petition to vacate an arbitration award under the FAA must be

7

served on the opposing party or its attorney within three months after the award is "filed or delivered." 9 U.S.C. § 12; *Webster*, 507 F.3d at 570.[1] The CBA requires the arbitration be conducted pursuant to American Arbitration Association ("AAA") rules. CBA, article XI, section 11.9. The AAA rules provide that the parties shall accept as legal delivery the placing of the award or a copy in the mail. AAA Lab. Arb. R. 40 (2007). Consistent with this language, the "filed or delivered" language has been interpreted to mean the date the arbitrator mailed the arbitration award. *Webster*, 507 F.3d at 573.

St. Aubin does not dispute the arbitrator mailed the award on September 2, 2008. Def. Mtn., Ex. 3: Shannon Callahan Decl. More than three months later, on December 5, 2008, St. Aubin filed a *pro se* motion to vacate the arbitration award. *St. Aubin v. Unilever HPC Hammond, et al.*, No. 08 C 6985. The case was dismissed without prejudice on December 11, 2008 for failure to state a jurisdictional basis or comply with pleading requirements. He filed this case on March 25, 2009. Dkt. 1. Count II to vacate the arbitration award is untimely by three days even if the filing date of his initial motion is considered, and it is untimely by over five months if the filing date of his complaint is considered. The statute of limitations is strictly enforced. *Webster*, 507 F.3d at 574 (affirming denial of motion to vacate arbitration award because it was filed one day late). Count II to vacate the arbitration award is barred by the statute of limitations.

---

[1] A lawsuit to vacate a labor arbitration award is also governed by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *Nat'l Wrecking Co. v. Int'l Brotherhood of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993). The timeliness of a § 301 lawsuit is governed by the applicable state statute of limitations. In Illinois, the statute of limitations is 90 days after delivery of the award. Illinois Arbitration Act, 710 ILCS 5/12(b). The 90-day statute of limitations does not impact the analysis because it is not longer in this case than the FAA's three-month statute of limitations.

## CONCLUSION

Count I for FMLA retaliation stands. Claim preclusion does not bar the FMLA retaliation claim because the CBA does not contain a clear and unmistakable requirement to arbitrate employment discrimination claims. Count II to vacate the arbitration award is barred as untimely.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 26, 2009